UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JAMES LEWTER,

    Petitioner,

v.                                                             Case No. 6:09-cv-1062-Orl-31DAB

SECRETARY, DEPARTMENT OF
CORRECTIONS, et al.,

    Respondents.

**ORDER**

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. § 2254 (Doc. No. 6). Upon consideration of the petition, the Court ordered Respondents to show cause why the relief sought in the petition should not be granted. Thereafter, Respondents filed a response to the petition for writ of habeas corpus in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts* (Doc. No. 10). Petitioner filed a reply to the response (Doc. No. 13).

Petitioner alleges two claims for relief in his habeas petition: trial counsel rendered ineffective assistance by failing to (1) investigate witnesses to refute and impeach the victim's allegations, and (2) prepare a reasonable trial strategy. For the following reasons, the petition is denied.

I.    *Procedural History*

Petitioner was charged with one count of burglary of a structure with an assault or

battery and one count of battery. Petitioner entered a plea of guilty to the lesser included offense of burglary of a structure and to battery. Pursuant to the plea agreement, the State waived the application of the prison releasee reoffender statute and the state trial court sentenced Petitioner to a six-year term of imprisonment. Petitioner did not appeal.

Petitioner filed a Florida Rule of Criminal Procedure 3.850 motion for post-conviction relief. The state trial court denied the motion, and Petitioner appealed. The Fifth District Court of Appeal of Florida affirmed *per curiam*.

## II. Legal Standards

### A. Standard of Review Under the AEDPA

Pursuant to the AEDPA, habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The phrase "clearly established Federal law," encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider." *Maharaj v. Secretary for Dep't. of Corr.*, 432

F.3d 1292, 1308 (11th Cir. 2005). The meaning of the clauses was discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001):

> Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

Even if the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable." *Id*.

Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." A determination of a factual issue made by a state court, however, shall be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *See Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

### B. *Standard for Ineffective Assistance of Counsel*

The United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defense. *Id*. at 687-88. The prejudice

requirement of the *Strickland* inquiry is modified when the claim is a challenge to a guilty plea based on ineffective assistance. *See Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985). To satisfy the prejudice requirement in such claims, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 59.

A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id*. at 689-90. "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id*. at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir. 1989).

As observed by the Eleventh Circuit Court of Appeals, the test for ineffective assistance of counsel:

> has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. Courts also should at the start presume effectiveness and should always avoid second guessing with the benefit of hindsight. *Strickland* encourages reviewing courts to allow lawyers broad discretion to represent their clients by pursuing their own strategy. We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992). Under those rules and presumptions, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994).

4

*III.    Analysis*

In claim one, Petitioner asserts that trial counsel rendered ineffective assistance by failing to investigate witnesses to refute and impeach the victim's allegations. In support of his claim, Petitioner contends that counsel failed to depose any of the witnesses, including Tony Hurst, who could have rebutted the victim's contention that he did not know Petitioner. Petitioner also complains that had counsel investigated, he would have been able to impeach some of the statements made to police by the victim and the victim's son. Similarly, in claim two Petitioner generally asserts that counsel rendered ineffective assistance by failing to prepare any defenses.

Petitioner raised these claims in his Rule 3.850 motion, and the state court denied relief. The state court reasoned Petitioner's claims were refuted by the record because at the plea hearing Petitioner told the court that he had discussed the facts with his attorney, understood that he was waiving his defenses, and was satisfied with his attorney. (App. F at 3.)

"[E]vidence about the testimony of a putative witness must generally be presented in the form of actual testimony by the witness or an affidavit. A defendant cannot simply state that the testimony would have been favorable; self-serving speculation will not sustain an ineffective assistance claim." *United States v. Ashimi*, 932 F.2d 643, 650 (7th Cir. 1991) (footnotes omitted). Hence, the "petitioner must first make a sufficient factual showing, substantiating the proposed witness testimony." *Percival v. Marshall*, No. C-93-20068 RPA, 1996 WL 107279, at *3 (N.D. Cal. March 7, 1996). "Such evidence might be

sworn affidavits or depositions from the potential witnesses stating to what they would have testified." *Id.*

To the extent Petitioner asserts that Tony Hurst could have provided exculpatory evidence, the Court finds that Petitioner has failed to present evidence of actual testimony or any affidavit from Hurst. Thus, Petitioner has not made the requisite factual showing in relation to Hurst's purported testimony. Petitioner's self-serving speculation will not sustain a claim of ineffective assistance of counsel.

Furthermore, Petitioner has not demonstrated that the state court's denial of these claims are contrary to, or an unreasonable application of, clearly established federal law. At the plea hearing, the trial court asked Petitioner if he had an opportunity to discuss the facts of his case with counsel and if Petitioner understood that by entering a plea, he would be waiving any defenses. (App. C at 6.) Petitioner responded affirmatively to both questions. *Id*. Petitioner told the court that he was satisfied with his attorney's representation. *Id*. at 6-7. The trial court further asked Petitioner if he had told his attorney of any witnesses who would testify for him at trial. *Id* at 9. Petitioner responded affirmatively, and counsel told the court that he thought Petitioner had credible defenses but given that Petitioner faced a potential sentence of life in prison if convicted, Petitioner thought it was in his best interest to enter a plea. *Id*. The court then asked Petitioner if he wanted to take the chance of a jury trial, to which Petitioner responded negatively. *Id*. at 10. Thereafter, the following colloquy occurred:

> The Court:   Mr. Lewter, you have a right to have your attorney investigate

                    your case prior to trial, including but not limited to, obtaining discovery from the State. . . . If I accept your plea today, your attorney will have no further responsibility to attempt to discover any further evidence or to test any evidence presently discovered or not. Knowing that, do you wish to continue with your plea?

[Petitioner]:   Yes, sir.

. . .

The Court:   You're entering a plea of guilty because you actually did what you're accused of doing and not for any other reason?

[Petitioner]:   Yes, sir.

*Id*. at 11, 13.

At no point did Petitioner advise the state court that counsel had failed to investigate his case or depose any witnesses, including Hurst. Moreover, it is clear from the record that Petitioner and counsel had discussed witnesses who would be called if the case proceeded to trial, but Petitioner decided not to proceed to trial because he faced a potential life sentence if convicted. Petitioner even acknowledged that by entering the plea, he would be waiving his right to have his attorney do any further investigation. Finally, Petitioner told the court that he was satisfied with his attorney's representation. Petitioner's representations constitute "a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977).

It is further evident, contrary to Petitioner's contention in claim two, that counsel had considered and prepared a trial strategy given that counsel told the court at the plea

hearing that he thought Petitioner had credible defenses. Despite counsel's representation to the state court that Petitioner had viable defenses, Petitioner voluntarily entered a plea. The Court concludes, therefore, that Petitioner has failed to demonstrate that counsel rendered deficient performance in relation to investigating witnesses and preparing a trial strategy. Additionally, in light of Petitioner's representations to the state court, Petitioner has failed to demonstrate that a reasonable probability exists that he would have proceeded to trial and not entered a plea if counsel had investigated and deposed witnesses or prepared a trial strategy as Petitioner alleges counsel failed to do. Accordingly, these claims are denied pursuant to § 2254(d).

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

### IV.    *Certificate of Appealability*

This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Lamarca v. Secretary Department of Corrections*, 568 F.3d 929, 934 (11th Cir. 2009). When a district court dismisses a federal habeas petition on procedural grounds without reaching the underlying constitutional claim, a certificate of appealability should issue only when a petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of

a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*; *Lamarca*, 568 F.3d at 934. However, a prisoner need not show that the appeal will succeed. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

Petitioner has not demonstrated that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. Moreover, Petitioner cannot show that jurists of reason would find this Court's procedural rulings debatable. Petitioner has failed to make a substantial showing of the denial of a constitutional right. Thus, the Court will deny Petitioner a certificate of appealability.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus filed by James Lewter (Doc. No. 6) is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

2. Petitioner is **DENIED** a Certificate of Appealability.

3. The Clerk of the Court shall enter judgment accordingly and close this case.

**DONE AND ORDERED** in Orlando, Florida, this 7th day of December, 2010.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
sc 11/5
Counsel of Record
James Lewter